UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------- x

|  |  |  |
|---|---|---|
| GLENWOOD JOHNSTON; LADEL RICHARDS; TRACY GUINARD; EDWARD RICHARD REYNOLDS; NORMAND MAILLET; KAVID HARRIS; SHANNON HOUCHIN; CHEVY BURSE; JACKIE CHRISTIANSEN; TODD BROOKS; JOE SANDOVAL; MICHAEL BAZAN; JERRY LYNN TRYON; DELVIN WASHINGTON; GREG MONKRESS; SEAN WILLIAMS; RICHARD HAKE; MATTHEW SCHWARZ; BRIAN GOULD; WILLIAM SHULTZ; RONNIE PHILLIPS; GEORGE WOELICH; JAMIE GARLAND; AND, SYMEON DORSEY , on behalf of themselves and similarly situated employees, | : : : : : : : : : : : : : : | Civil Action No. _____   INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT   Filed Electronically   Jury Trial Demanded |
| *Plaintiffs*, |  |  |
| v. |  |  |
| TITAN LOGISTICS & RESOURCES, LLC; TONY DIGIAMBERDINE; AND BEEMAC TRUCKING, |  |  |
| *Defendants*. |  |  |

------------------------------------------------- x

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1.  This is an individual and collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), an individual and class action under the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and an individual and class

action under the Pennsylvania Wage Payment and Collection Law 43 P.S. § 260.3 ("WPCL"), to recover damages for non-payment of wages owed to Plaintiffs and all similarly situated employees.

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. § 1367(a).

3.   The policies, practices, and conduct underlying the claims asserted in this complaint originated from or occurred substantially in and around Oakdale, Pennsylvania, where Defendants are headquartered and where Defendants conducted their business operations on a regular and continuous basis.   Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4.   Plaintiffs were employed by Defendants Titan and Digiamberdine as full-time truck drivers for all or part of the period from December 2014 until on or about November 16, 2017, when, it is believed and averred, Titan and Digiamberdine transferred their personnel and sold their business contracts to Defendant Beemac, the successor in interest to Titan and Digiamberdine.

a.   **Plaintiff Glenwood Johnston.**   Plaintiff Glenwood Johnston was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 26, 2017, until on or about November 16, 2017. Plaintiff Glenwood Johnston has resided at all relevant times in Salida, CO.

b.   **Plaintiff LaDel Richards.**   Plaintiff LaDel Richards was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 24, 2017, until on or about October 9, 2017. Plaintiff LaDel Richards has resided at all relevant times in Priest River, ID.

c.   **Plaintiff Tracy Guinard.**   Plaintiff Tracy Guinard was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters for part of the period from December 2014 until November 16, 2017.

2

d. **Plaintiff Edward Richard Reynolds.**  Plaintiff Edward Richard Reynolds was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 6, 2017, until on or about November 2, 2017.  Plaintiff Edward Richard Reynolds has resided at all relevant times in Longview, WA 98632.

e. **Plaintiff Normand Maillet.**   Plaintiff Normand Maillet was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 25, 2017, until on or about November 18, 2017. Plaintiff Normand Maillet has resided at all relevant times in Collins, MS.

f. **Plaintiff Kavid Harris.**  Plaintiff Kavid Harris was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 29, 2017, until on or about November 16, 2017. Plaintiff Kavid Harris has resided at all relevant times in San Antonio, TX.

g. **Plaintiff Shannon Houchin**.  Plaintiff Shannon Houchin was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 31, 2017, until on or about November 15, 2017.  Plaintiff Shannon Houchin has resided at all relevant times in Long Grove, OK.

h. **Plaintiff Chevy Burse**.  Plaintiff Chevy Burse was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 23, 2017, until on or about November 22, 2017. Plaintiff Chevy Burse has resided at all relevant times in Hopkinsville, KY.

i. **Plaintiff Jackie Christiansen**.  Plaintiff Jackie Christiansen was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 21, 2017, until on or about November 17, 2017.  Plaintiff Jackie Christiansen has resided at all relevant times in Cheyenne, WY.

j. **Plaintiff Todd Brooks**.  Plaintiff Todd Brooks was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or

about October 2, 2017, until on or about November 21, 2017.  Plaintiff Todd Brooks has resided at all relevant times in San Antonio, TX.

      k.      **Plaintiff Joe Sandoval**.  Plaintiff Joe Sandoval was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 1, 2017, until on or about November 16, 2017.  Plaintiff Joe Sandoval has resided at all relevant times in San Antonio, TX.

      l.      **Plaintiff Michael Bazan**.  Plaintiff Michael Bazan was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about September 25, 2017, until on or about November 20, 2017.  Plaintiff Michael Bazan has resided at all relevant times in San Antonio, TX.

      m.      **Plaintiff Jerry Lynn Tryon**.  Plaintiff Jerry Lynn Tryon was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 1, 2017, until on or about November 21, 2017.  Plaintiff Jerry Lynn Tryon has resided at all relevant times in Alexander, ND.

      n.      **Plaintiff Delvin Washington**.  Plaintiff Delvin Washington was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 1, 2017, until on or about October 23, 2017.   Plaintiff Delvin Washington has resided at all relevant times in Bunkie, LA.

      o.      **Plaintiff Greg Monkress**.  Plaintiff Greg Monkress was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about June 26, 2017, until on or about November 5, 2017.  Plaintiff Greg Monkress has resided at all relevant times in Skiatook, OK.

      p.      **Plaintiff Sean Williams**.  Plaintiff Sean Williams was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 16, 2017, until on or about November 17, 2017.  Plaintiff Sean Williams has resided at all relevant times in Warner Robins, GA.

q.    **Plaintiff Richard Hake**.  Plaintiff Richard Hake was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about May 19, 2017, until on or about November 8, 2017.  Plaintiff Richard Hake has resided at all relevant times in Williston, ND.

r.    **Plaintiff Matthew Schwarz**.  Plaintiff Matthew Schwarz was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about June 5, 2017, until on or about October 27, 2017. Plaintiff Matthew Schwarz has resided at all relevant times in Williston, ND.

s.    **Plaintiff Jamie Garland.**  Plaintiff Jamie Garland was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from in or about April 2016 until in or about July 2017.  Plaintiff Jamie Garland has resided at all relevant times in Spencer, NY.

t.    **Plaintiff Brian Gould**.  Plaintiff Brian Gould was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about July 17, 2017, until on or about November 27, 2017.  Plaintiff Brian Gould has resided at all relevant times in Helena, MT.

u.    **Plaintiff William Shultz**.  Plaintiff William Shultz was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about June 27, 2017, until on or about November 21, 2017.  Plaintiff William Shultz has resided at all relevant times in Cedar Rapids, IA.

v.    **Plaintiff Ronnie Phillips**.  Plaintiff Ronnie Phillips was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about October 2, 2017, until on or about November 5, 2017.  Plaintiff Ronnie Phillips has resided at all relevant times in Spring Hill, FL.

w.    **Plaintiff George Woelich**.  Plaintiff George Woelich was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters

from on or about September 26, 2017, until on or about October 23, 2017. Plaintiff George Woelich has resided at all relevant times in Bighorn, MT.

x.    **Plaintiff Symeon Dorsey**. Plaintiff Symeon Dorsey was employed by Defendants Titan and Digiamberdine as a truck driver reporting to the Oakdale, PA, headquarters from on or about August 15, 2017, until on or about November 15, 2017. Plaintiff Symeon Dorsey has resided at all relevant times in St. Charles, MO.

5.    **Defendant Titan Logistics & Resources, LLC.**

a.    Defendant Titan Logistics & Resources, LLC ("Titan Logistics" or "Titan"), is a registered motor carrier organized under the laws of Pennsylvania that provides a range of shipping and transportation services to companies throughout the United States.

b.    Defendant Titan Logistics & Resources, LLC, maintains its headquarters at 101 Hemlock Court, Oakdale, PA 15017.

c.    Defendant Titan owns and operates a "mixed fleet" of commercial vehicles, i.e., vehicles with less than 10,000 lbs. GVWR and more than 10,000 lbs. GVWR.

d.    Defendant Titan is an employer within the meaning of the FLSA, the PMWA and the WPCL.

6.    **Defendant Tony Digiamberdine.**

a.    Defendant Tony Digiamberdine ("Digiamberdine") is the chief executive officer of Titan Logistics & Resources, LLC, controls pay and payment decisions and made the decisions not to pay the truck drivers for regular wages, expenses and for overtime wages that are at issue in this case.

b.    Defendant Digiamberdine maintains an office at and works from Defendant Titan Logistics' Oakdale, PA, headquarters.

c.     Defendant Digiamberdine is an employer within the meaning of the FLSA, the PMWA and the WPCL.

7. **Defendant Beemac Trucking.**

a.   Defendant Beemac Trucking ("Beemac Trucking" or "Beemac") is a registered motor carrier organized under the laws of Pennsylvania that provides a range of shipping and transportation products and services (including but not limited to Warehousing & Distribution, Container Services, Rail and Air Freight Services) to companies throughout the United States.

b.   Defendant Beemac Trucking maintains its headquarters at 2747 Legionville Road, Ambridge, PA 15003.

c.   Defendant Beemac provides outsourcing of logistics operations to third party companies or clients throughout the United States to implement the flow and storage of goods, services and related information between the point of origin and the point of consumption in order to meet customer's requirements.

d.   Defendant Beemac is an employer within the meaning of the FLSA, the PMWA and the WPCL.

e.   Upon information and belief in or about November 2017 Defendant Beemac Trucking acquired Titan Logistics in whole or in part and acquired relevant assets and liabilities associated with this lawsuit.

f.   For purposes of this lawsuit, Beemac is a successor in interest to Defendants Titan and Digiamberdine.

8.   At all relevant times Defendants Titan, Digiamberdine and Beemac have been employers within the meaning of the FLSA, the PMWA and the WPCL.

9.   At all relevant times Defendants Titan, Digiamberdine and Beemac have been enterprises engaged in interstate commerce with annual revenues in excess of $500,000, have employed

workers engaged in the transportation of goods in interstate commerce and have, therefore, been subject to the provisions of the FLSA, the PMWA and the WPCL.

### Statement of Individual Claims

10. Plaintiffs were employed by Defendants Titan and Digiamberdine as truck drivers for all or part of the time from in or about December 2014 until in or about November 2017.

11. As truck drivers, Plaintiffs performed services for one or more of Defendants Titan and Digiamberdine's clients (such as United Vision Logistics).

12. Plaintiffs' primary job duties were to transport equipment, personnel and supplies associated with the oil and gas industry from well site to well site within and between Pennsylvania, North Dakota, South Dakota and Texas.

13. Plaintiffs normally worked seven days each week, with few if any days off during their employment.

14. As truck drivers, Plaintiffs regularly worked more than 40 hours in a single week, frequently in excess of 60 hours.

15. Plaintiffs regularly drove large (>26,000 lbs. GVWR) vehicles in interstate commerce in the performance of their duties.

16. In normal circumstances this might mean Plaintiffs were exempt from overtime under the Motor Carrier Exemption (FLSA - 29 U.S.C. §213(b)(1)).

17. However, Plaintiffs also regularly drove smaller vehicles to transport personnel, equipment and supplies to and from locations as needed to support Defendants' clients' operations.

18. The smaller vehicles included personnel vans, Ford Expeditions and Ford Explorers.

19. These vehicles have a GVWR of 10,000 lbs. or less.

20. Plaintiffs were regularly called upon to drive, load, or inspect vehicles with GVWR of less than 10,001 pounds in the performance of their duties.

21. These vehicles were either driven across state lines and/or were being driven within state lines while the Plaintiffs were engaged in the flow of interstate commerce.

22. Thus, Plaintiffs were entitled to overtime pay in those weeks in which they drove, loaded or inspected the smaller vehicles. FLSA § 13(b)(1), SAFETEA-LU Technical Corrections Act of 2009 (TCA), P.L. 110-244.

23. Plaintiffs were compensated based on a compensation structure consisting of a day rate (approximately $350 per day) plus per diem ($25.00 per day).

24. Before and during Plaintiffs' terms of employment, Defendants Titan and Digiamberdine made certain explicit, frequently written, promises to Plaintiffs concerning the terms and conditions of Plaintiffs' working relationship with Defendants, including promises concerning the methods and amounts of pay that Plaintiffs would receive in exchange for agreeing to work for, and continuing to work for, Defendants Titan and Digiamberdine.

25. Specifically, Defendants Titan and Digiamberdine agreed to pay Plaintiffs a day rate (approximately $350), per diem ($25.00 per day) and business expenses (including lodging and fuel reimbursement).

26. Plaintiffs agreed to work for Defendants based upon these promises made by Defendants Titan and Digiamberdine.

27. Plaintiffs fulfilled their end of the bargain – they drove the vehicles (large vehicles and smaller vehicles) and performed other assigned duties according to the directions given to them by Titan and Digiamberdine.

28. They also incurred expenses (lodging, fuel, etc.) in the performance of their duties in reliance on the promises made by Defendants Titan and Digiamberdine.

29. Despite Plaintiffs performing as agreed upon Defendants Titan and Digiamberdine have failed to pay Plaintiffs the day rate, per diem or expense reimbursement promised.

30. Put simply, Plaintiffs have worked for Defendants Titan and Digiamberdine for nothing – no pay, no reimbursement of expenses – for one or more workweeks in the relevant period.

31. In fact, Plaintiffs have actually lost money: they have incurred costs for travel and lodging and fuel that were promised to be paid by Defendants Titan and Digiamberdine and have still not been reimbursed.

32. Each and every Plaintiff has demanded payment by Defendants Titan and Digiamberdine of the promised wages, per diem and expense reimbursement.

33. Despite these demands Defendants Titan and Digiamberdine have still not made the payments.

34. Defendants Titan and Digiamberdine have admitted to Plaintiffs they are owed wages and expenses.

35. Despite these admissions Defendants Titan and Digiamberdine have still not paid Plaintiffs the monies owed.

36. Successor-in-interest Beemac has been aware of these unpaid wages and benefits/expenses since no later than November 2017.

37. Despite this knowledge successor-in-interest Beemac has neither paid the unpaid wages or benefits/expenses, or required Defendants Titan and Digiamberdine to do so.

38. The amounts owed to each of the Plaintiffs ranges from several thousand dollars to in excess of $20,000, exclusive of penalties and interest.

39. The aggregate amount owed to the Plaintiffs, and the class members (other truck drivers, see below) is likely $1,000,000 or more, exclusive of penalties and interest.

40. The effect of failing to pay the promised wages (the day rate) has two additional effects:

      a.   In those workweeks where Plaintiffs were paid no day rate at all (which applies to each and every Plaintiff in at least one workweek) Plaintiffs worked for less than the minimum wage; and,

      b.   In those workweeks where Plaintiffs were denied one or more promised wages (day rate) and worked more than 40 hours in that workweek, and Plaintiffs were entitled to overtime by virtue of driving small vehicles on behalf of Defendants Titan and Digiamberdine (which applies to each and every Plaintiff in at least one workweek), Plaintiffs were denied payment of both their regular rate of pay and the overtime premium – meaning they are owed 1 ½ for all these overtime hours.

41. Defendants told Plaintiffs that they were exempt from overtime.

42. This was false.  In fact, Plaintiffs are entitled to overtime under the FLSA, specifically the SAFETEA-LU Technical Corrections Act of 2009 (TCA), P.L. 110-244.

43. During the course of Plaintiffs' employment, Defendants Titan and Digiamberdine knew that their policies, practices and procedures concerning Plaintiffs' compensation were in violation of the overtime and minimum wage provisions of the FLSA, and Defendants acted in reckless disregard of the overtime and minimum wage provisions of the FLSA.

### Class- and Collective-Action Allegations

44. This is a "hybrid" FLSA/PMWA action that is properly maintainable as a collective action under the FLSA, 29 U.S.C. § 216(b), and a class action under Federal Rule of Civil Procedure 23(b)(3).  *See Knepper* v. *Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

45. Between December 2014 and the present, more than 60 individuals have been employed by Defendants Titan and Digiamberdine and worked from or in Pennsylvania as truck drivers.

46. In this lawsuit, Plaintiffs seek to represent a co-extensive FLSA collective and a PMWA class (together, a "Class") composed of all persons who were employed by Defendants and worked from or in Pennsylvania as truck drivers at any time between December 2014 and the present (the "Class Period").

47. Pursuant to company-wide policy, each truck driver in the Class was promised to be paid a day rate (approximately $350) for each day worked.

48. Pursuant to company-wide policy Defendants Titan and Digiamberdine made certain promises to each member of the Class concerning the terms and conditions of their working relationships with Defendants Titan and Digiamberdine, including promises concerning the methods and amounts of pay that each member would receive in exchange for agreeing to work for, and continuing to work for, Defendants.

49. Specifically, Defendants Titan and Digiamberdine promised each member of the Class that Defendants Titan and Digiamberdine would pay the truck driver a day rate, per diem and business expenses (such as lodging and fuel reimbursement).

50. Plaintiffs and the members of the Class were subjected to the same or similar policies, practices and procedures concerning their duties and compensation during the Class Period, namely:

    a. Plaintiffs and members of the Class all reported to Defendants Titan and Digiamberdine's headquarters in Oakdale, PA;

    b. Plaintiffs and members of the Class, as part of their jobs as truck drivers, were regularly called upon to drive, load, or inspect vehicles with GVWRs of less than 10,001 pounds in order to transport supplies and personnel and equipment from business location to business location;

    c. Plaintiffs and members of the Class were promised to be paid based on a day rate (mostly around $350 per day) plus per diem ($25.00 per day);

    d. Plaintiffs and members of the Class were promised they would be reimbursed for business expenses (such as lodging and fuel);

12

    e.   Plaintiffs and members of the Class were not paid at the promised day rate for all days worked according to the promises made by Defendants Titan and Digiamberdine;

    f.   Plaintiffs and members of the Class were not reimbursed for all business expenses (such as lodging and fuel) according to the promises made by Defendants Titan and Digiamberdine;

    g.   Plaintiffs and members of the Class were not paid minimum wage during these workweeks in which they were not paid;

    h.   Plaintiffs and members of the class all worked in excess of 40 hours in one or more workweeks during their employment; and,

    i.   Plaintiffs and members of the Class were not paid any overtime premium pay for hours worked over 40 hours in workweeks during the Class Period.

51. Plaintiffs and members of the Class worked extremely long hours, regularly in excess of 60 hours each week, 7 days in the week.

52. Plaintiffs normally worked seven days each week, with few if any days off during their employment.

53. Members of the Class normally worked seven days each week, with few if any days off during their employment.

54. Members of the Class were not paid overtime for any of their hours worked for Defendants Titan and Digiamberdine during the Class Period.

55. During the Class Period, Defendants Titan and Digiamberdine knew that their policies, practices and procedures concerning the compensation of the truck drivers were in violation of the overtime and minimum wage provisions of the FLSA and the PMWA and the wage-enforcement provisions of the WPCL, and Defendants acted in reckless disregard of the overtime and minimum wage provisions of the FLSA and PMWA.

## Rule 23 Allegations

56. The Class is so numerous that joinder of all members is impracticable:  More than 50 individuals are in the Class, and it would be impractical, if not impossible, to join them all individually.

57. There are common issues among all members of the Class:  Members of the Class were subjected to the same policies of misclassification as exempt from overtime, the non-payment of wages, the non-payment of overtime premium pay, the non-payment of expenses, being required to operate vehicles with GVWRs of less than 10,001 pounds to carry out their job duties, and being required to work in excess of 40 hours in workweeks during the Class Period.

58. The claims and defenses of the representative parties are typical of the claims and defenses of the class:  As noted above, the claims of Plaintiffs are typical of the claims of other members of the Class, *i.e.*, the failure to pay minimum wage and overtime in accordance with the PMWA and breach of contract/WPCL violations.  The potential defenses to Plaintiffs' claims (such as proper classification as exempt) are typical of any defenses to the claims of the Class members.

59. Plaintiffs are adequately motivated to represent the interests of members of the Class in pursuing relief from the unlawful policies that commonly affected them.

60. The questions of law and fact common to members of the Class will predominate over any questions affecting only individual members:  As noted above, Plaintiffs and members of the Class reported to the same office (headquarters), and performed similar duties as truck drivers for Defendants, Plaintiffs and members of the Class performed similar duties on vehicles with GVWRs less than 10,001 pounds, Plaintiffs and members of the Class had similar pay and expense agreements, and Plaintiffs and members of the Class were similarly denied the wages (overtime and minimum wage) and expense reimbursement promised.

61. Plaintiffs do not have interests that are antagonistic to the interests of members of the Class.

62. There are no conflicts of interest among members of the Class.

63. Prosecuting this case as a collective action under the FLSA, and a class action under the PMWA, will promote judicial efficiency and best protect the interests of the Class.

64. Undersigned counsel for Plaintiffs is experienced in the field of employment law (including the FLSA and the PMWA), and in the field of collective and class actions, and will fairly and competently represent the interests of members of the Class.

### COUNT I:  Fair Labor Standards Act - Failure to Pay Overtime
### (Individual and Collective)(Defendants Titan, Digiamberdine and Beemac)

65. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

66. Plaintiffs and members of the Class are current or former employees of Defendants within the meaning of the FLSA.

67. Defendants are employers within the meaning of the FLSA.

68. During the Class Period, Defendants classified Plaintiffs and members of the Class as exempt from the overtime provisions of the FLSA.

69. During the Class Period, Defendants did not pay overtime to Plaintiffs or members of the Class.

70. During the Class Period, Plaintiffs and members of the Class were not exempt from the overtime provisions of the FLSA.

71. Defendants knew that their policies, practices and procedures concerning Plaintiffs' and the Class's compensation were in violation of the overtime provisions of the FLSA, and acted in reckless disregard of the overtime provisions of the FLSA.

72. During the Class Period, Plaintiffs and members of the Class worked in excess of 40 hours in certain workweeks and, in at least one workweek, were not compensated in full for time worked in excess of 40 hours.

73. Defendants' failure to pay overtime wages to Plaintiffs and members of the Class violated the overtime provisions of the FLSA.

74. Under the FLSA, Plaintiffs and members of the Class are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorney's fees, and costs.

75. Under the FLSA, Plaintiffs and members of the Class are also entitled to recover liquidated damages in an amount equal to their unpaid overtime.

76. Because Defendants' violations of the FLSA were knowing and intentional, the FLSA's three-year statute of limitations applies to Plaintiffs' and the Class members' claims for overtime under the FLSA.

**COUNT II:  Pennsylvania Minimum Wage Act - Failure to Pay Overtime**
**(Individual and Class Action)(Defendants Titan, Digiamberdine and Beemac)**

77. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

78. Plaintiffs and members of the Class are current or former employees of Defendants within the meaning of the PMWA.

79. Defendants are employers within the meaning of the PMWA.

80. During the Class Period, Defendants classified Plaintiffs and members of the Class as exempt from the overtime provisions of the PMWA.

81. During the Class Period, Defendants did not pay overtime to Plaintiffs or members of the Class.

82. During the Class Period, Plaintiffs and members of the Class were not exempt from the overtime provisions of the PMWA.

16

83. During the Class Period, Plaintiffs and members of the Class worked in excess of 40 hours in most workweeks and were not compensated in full for time worked in excess of 40 hours.

84. Defendants' failure to pay overtime wages to Plaintiffs and members of the Class violated the overtime provisions of the PMWA.

85. Under the PMWA, Plaintiffs and members of the Class are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

### COUNT III:  Fair Labor Standards Act - Failure to Pay Minimum Wage (Individual and Collective)(Defendants Titan, Digiamberdine and Beemac)

86. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

87. Plaintiffs and members of the Class are current or former employees of Defendants within the meaning of the FLSA.

88. Defendants are employers within the meaning of the FLSA.

89. During the Class Period, Defendants withheld wages (day rate) from Plaintiffs and members of the Class for certain weeks in violation of the minimum wage provision of the FLSA.

90. The FLSA requires Defendants to pay wages due to Plaintiffs and members of the Class, at a rate of at least $7.25/hour.

91. Defendants failed to do so.

92. Defendants willfully failed to pay Plaintiffs and members of the Class wages due at the minimum rate in the FLSA.

93. Plaintiffs and members of the Class are entitled to wages at the minimum rate pursuant to the FLSA.

94. By failing to pay wages, Defendants violated Plaintiffs' and members of the Class's rights protected by the minimum wage provisions of the FLSA.

95. As a result of Defendants' violations of the FLSA, Plaintiffs and members of the Class are entitled to recover the amount of their unpaid wages at the minimum rate of the FLSA, together with costs and reasonable attorney's fees.

### COUNT IV:  Pennsylvania Minimum Wage Act - Failure to Pay Minimum Wage (Individual and Class Action)(Defendants Titan, Digiamberdine and Beemac)

96. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

97. Plaintiffs and members of the Class are current or former employees of Defendants within the meaning of the PMWA.

98. Defendants are employers within the meaning of the PMWA.

99. During the Class Period, Defendants withheld wages (day rate) from Plaintiffs and members of the Class for certain weeks in violation of the minimum wage provision of the PMWA.

100. The PMWA requires Defendants to pay wages due to Plaintiffs and members of the Class, at a rate of at least $7.25/hour.

101. Defendants failed to do so.

102. Defendants willfully failed to pay Plaintiffs and members of the Class wages due at the minimum rate in the PMWA.

103. Plaintiffs and members of the Class are entitled to wages at the minimum rate pursuant to the PMWA.

104. By failing to pay wages, Defendants violated Plaintiffs' and members of the Class's rights protected by the minimum wage provisions of the PMWA.

105. As a result of Defendants' violations of the PMWA, Plaintiffs and members of the Class are entitled to recover the amount of their unpaid wages at the minimum rate of the PMWA, together with costs and reasonable attorney's fees.

## COUNT V: Breach of Contract
### (Individual and Class Action) )(Defendants Titan, Digiamberdine and Beemac)

106. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

107. Defendants made definite, clear promises to pay Plaintiffs and members of the Class a certain day rate plus per diem and expenses.

108. Those promises created enforceable contractual obligations.

109. Plaintiffs and members of the Class provided consideration for those promises by performing their duties assigned.

110. Despite the contractual obligation to compensate Plaintiffs and members of the Class for work performed, Defendants breached those contractual obligations when they did not pay Plaintiffs and members of the Class the wages, per diem or expenses promised.

111. Plaintiffs and members of the Class are owed in excess of $2,500 each, some in excess of $20,000, and in the aggregate $1,000,000 or more exclusive of penalties and interest.

112. The amounts owed to Plaintiffs and members of the Class represent wages.

113. Plaintiffs have made repeated demands to be paid what is owed.

114. Defendants have refused to pay despite these demands.

115. Defendants did not and do not have any good-faith basis on which to withhold the wages or expenses.

116.   As a result of Defendants' breaches, Plaintiffs and members of the Class have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages and unreimbursed expenses.

117.   Plaintiffs and members of the Class are entitled to damages commensurate with the unpaid wages and unreimbursed expenses, plus interest, plus compensatory damages resulting from the breach.

**COUNT VI:  Violation of the WPCL**
**(Individual and Class Action) )(Defendants Titan, Digiamberdine and Beemac)**

118. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

119. Defendants' contractual obligation to pay Plaintiffs and members of the Class certain wages and to reimburse them for business expenses created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

120. The compensation Defendants failed to pay to Plaintiffs and members of the Class for hours worked and expenses incurred constitute wages within the meaning of the WPCL.

121.   Defendants violated the WPCL by failing to pay wages owed to the Plaintiffs and members of the Class.

122.   Defendants did not and do not have any good-faith basis for withholding the wages.

123.   Plaintiffs and members of the Class are entitled to their unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorney's fees, and costs.

## **PRAYER FOR RELIEF**

124.  Wherefore, Plaintiffs, on behalf of themselves and members of the Class, respectfully request this Court enter judgment awarding them:

      a.   money damages in an amount equal to the wages, including overtime compensation, they are due,

      b.   liquidated damages under the FLSA in an amount equal to the overtime compensation they are due,

      c.   payment of unreimbursed business expenses;

      d.   interest, reasonable attorneys' fees, and costs, and

      e.   all other relief that is just and proper.

Dated: December 14, 2017
       Pittsburgh, PA

                                        Respectfully submitted,

                                        s/  Joseph H. Chivers

                                        Joseph H. Chivers, Esq.
                                        jchivers@employmentrightsgroup.com
                                        PA ID No. 39184

                                        THE EMPLOYMENT RIGHTS GROUP
                                        100 First Avenue, Suite 650
                                        Pittsburgh, PA  15222
                                        Tel.:  (412) 227-0763

                                        *Counsel for Plaintiffs*
                                        *and all others similarly situated*