UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLENWOOD JOHSNTON; et al**, on behalf of themselves and similarly situated employees,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**TITAN LOGISTICS & RESOURCES, LLC; TONY DIGIAMBERDINE; and UNITED VISION LOGISTICS**,<br><br>    Defendants. | Civil Action No.  2:17-1617 NBF |

### United Vision Logistics' Objections
### to Plaintiff Presenting Telephone Testimony at 216(b) Hearing

AND NOW, comes United Vision Logistics, by and through its counsel, Robert P. Walter, Esquire, and Poerio & Walter, Inc., and files and serves United Vision Logistics' Objection to Plaintiff presenting telephone testimony at the 216(b) Hearing, stating as follows:

1. On April 4, 2019, this Honorable Court entered a Case Management Order scheduling a hearing on Plaintiff's Motion for Conditional Certification under 29 U.S.C.A. § 216(b) for June 11, 2019. (ECF 151).

2. Since the April 4, 2019, Case Management Order, Plaintiff's counsel did not notify the undersigned of any intention to call witnesses at the June 11, 2019, hearing, nor did he provide any names of potential witnesses or proffer of the substance of said witnesses testimony.

3. In an email communication with this Honorable Court on June 5, 2019, Plaintiff's counsel indicated that he was not intending to call any witnesses at the June 11, 2019 hearing.

4. Plaintiff's counsel thereafter, however, indicated in e-mail that he "will have as many as [he] can muster – maximum 4", to participate in the hearing by telephone.

5. Defendant UVL is unaware of any rule or law providing for or permitting telephonic hearings.

6. Counsel for Defendant UVL is unaware of any Rule of Civil Procedure establishing a process for telephonic hearings or the conduct of a telephonic hearing.

7. In *Eller v. Trans Union, LLC*, 739 F.3d 467 (10th Cir. 2013), the Court specifically held that a district court did not abuse its discretion when it refused to allow plaintiff to present testimony via telephone when plaintiff proffered no unexpected reason for witnesses absence and offered no evidence that testimony was necessary to present plaintiff's case. *See also, Dagen v. CFC Group Holdings, LTD*, 2003 WL 22533425 (S.D. N.Y. 2003)(holding that employer established good cause to allow witnesses to testify by telephone when witnesses were located in Hong Kong and employer raised concerns of international travel, business operations, and costs).

8. Plaintiff's counsel did not file a motion requesting telephonic participation of witnesses or state why proceeding in this manner would be necessary.

9. Plaintiff's counsel has offered no good cause as to why witnesses cannot be present live to present testimony at the June 11, 2019 hearing.

10. Plaintiff has not established good cause to permit testimony by telephone at the Section 216(b) hearing on June 11, 2019.

11. No proffer was made to explain the unavailability of witnesses, despite knowing the hearing date for months.

12. Plaintiff's counsel had sufficient time to gather his witnesses and have them attend the June 11, 2019, hearing to present live testimony and preserve United Vision Logistics' procedural due process rights.

13. Counsel for Defendant UVL is unaware of the nature and extent of the witness' testimony that counsel for Plaintiff is proposing.

14. Counsel for Defendant UVL is unaware whether these witnesses will utilize items or information to inform their testimony while they testify over the telephone.

15. Said items or information have not been provided to counsel for Defendant UVL.

16. Should Plaintiff present testimony of unidentified witnesses via telephone at the June 11, 2019, hearing, the procedural due process rights of Defendant UVL will be violated as Defendant UVL was operating under the expressed understanding that no witness testimony was to occur at the June 11, 2019, hearing.

17. As of the writing of this motion, Defendant UVL still has no idea of the identity of the proposed witnesses; no names, no addresses, nor any proffer of what these witnesses may testify to; all of which is highly prejudicial to Defendant UVL.

18. Allowing Plaintiff to present testimony of unnamed witnesses will violate United Vision Logistics' procedural due process rights. Additionally, should Plaintiff present testimony without a proffer of the substance of said testimony, United Vision Logistics' due process rights to confront the adverse witnesses.

19. Where, as here, Plaintiff's counsel has advised the Court that no witness testimony would be occurring at a hearing that has been noticed by Order of Court for over two (2) months, allowing Plaintiff to now proceed in this fashion is improper and prejudicial to the Defendant UVL.

**WHEREFORE**, Defendant United Vision Logistics respectfully requests that this Honorable Court enter the attached Order, precluding Plaintiff from offering telephone testimony of witnesses at the June 11, 2019 hearing on Plaintiff's Motion for Conditional Certification.

        Respectfully Submitted,

        POERIO & WALTER, INC.

        /s/ Robert P. Walter
        Robert P. Walter
        Counsel for United Vision Logistics

        Poerio & Walter, Inc.
        411 Seventh Ave, Suite 1400
        Pittsburgh, PA 15219

        p: 412-246-0506
        f: 412-246-0508

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLENWOOD JOHSNTON; et al**, on behalf of themselves and similarly situated employees,<br><br>    Plaintiffs,<br><br>    vs.<br><br>**TITAN LOGISTICS & RESOURCES, LLC; TONY DIGIAMBERDINE; and UNITED VISION LOGISTICS**,<br><br>    Defendants. | Civil Action No. 2:17-1617 NBF |

## **ORDER**

AND NOW, this _____ day of June, 2019, for the reasons set forth in United Vision Logistics' Objections to Plaintiff Presenting Telephone Testimony at 216(b) Hearing, it is hereby **ORDRED, ADJUDGED, and DECREED**, that Plaintiff is prohibited from offering testimony via telephone.

DATE: _____            _____
                                                                              Nora Barry Fischer
                                                                              District Court Judge

**Certificate of Service**

I hereby certify that on this 6th day of June, 2019, a true and correct copy of the foregoing **United Vision Logistics' Objections to Plaintiff Presenting Telephone Testimony at the 216(b) Hearing** was served on the following parties the ECF System:

Joseph H. Chivers, Esq.
The Employment Rights Group LLC
100 First Avenue, Suite 650
Pittsburgh, PA 15222
jchivers@employmentsrightsgroup.com
*Counsel for Plaintiffs*

Kathryn M. Wakefield, Esq.
Wakefield Law Group, P.C.
PO Box 5053
Pittsburgh, PA 15206
kwakefieldbizlaw@gmail.com
*Counsel for Defendants Tony Digiamberdine and Titan Logistics & Resources, LLC*

　　/s/ Robert P. Walter
　　Robert P. Walter