IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENWOOD JOHNSTON; et al, on behalf of themselves and similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> TITAN LOGISTICS & RESOURCES, LLC; TONY DIGIAMBERDINE; and UNITED VISION LOGISTICS, <br><br> Defendants. | Civ. A. No. 17-1617 <br> Senior Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I.  INTRODUCTION

Plaintiffs Glenwood Johnston et al. ("Plaintiffs"), on behalf of themselves and similarly situated drivers, brought this hybrid class/collective action against Defendants Titan Logistics & Resources, LLC ("Titan"); Tony DiGiamberdine ("DiGiamberdine"); and United Vision Logistics ("UVL") alleging that they violated the Fair Labor Standards Act ("FLSA") by paying Plaintiffs a day rate without any overtime compensation in weeks that Plaintiffs were driving small trucks weighing less than 10,000 pounds. (Docket No. 65). Presently before the Court is UVL's Motion for Leave to File an Amended Answer to Plaintiffs' Second Amended Complaint. (Docket No. 333). The motion has been fully briefed and the matter is ripe for review. (Docket Nos. 333-34, 338, 342, 346, 350). After careful consideration of the parties' submissions, and for the following reasons, said motion is GRANTED, in part, and DENIED, in part. (Docket No. 333).

II.     RELEVANT PROCEDURAL HISTORY

As the parties are well familiar with the facts of this matter in light of the Court's prior rulings, the Court sets forth only those facts necessary to resolve the instant motion. (Docket No. 333). Twenty-four Plaintiffs filed this hybrid collective/class action on December 14, 2017 against Titan, DiGiamberdine, and Beemac Trucking. (Docket No. 1). A week later, Plaintiffs amended their complaint to add UVL as a defendant. (Docket No. 5). They then dismissed Beemac Trucking pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). (Docket No. 40).

UVL thereafter responded to Plaintiffs' Amended Complaint by moving to dismiss on February 9, 2018, only challenging the claims of joint employment under FED. R. CIV. P. 12(b)(6). (Docket Nos. 44-45). Following a status conference, the Court ordered Plaintiffs to file a Second Amended Complaint to cure any pleading defects. (Docket No. 57-58). Plaintiffs did so on March 16, 2018, again asserting a hybrid collective/class action against Titan, UVL, and DiGiamberdine. (Docket No. 65). They pled six counts: (1) failure to pay overtime under the FLSA; (2) failure to pay overtime under the Pennsylvania Minimum Wage Act ("PMWA"); (3) failure to pay minimum wage under the FLSA; (4) failure to pay minimum wage under the PMWA; (5) common law breach of contract; and (6) violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"). (Docket No. 65). The defendants answered and filed crossclaims. (Docket Nos. 71, 92, 127-28, 144-46). With respect to venue and jurisdiction, UVL denied same stating that the allegations were conclusions of law to which no response was required. (Docket No. 71). UVL did not assert any affirmative defenses based on personal jurisdiction, subject matter jurisdiction, or improper venue. (*Id.*) But, UVL did reserve the right to assert supplemental and affirmative defenses.[1] (*Id.*

---

[1]Plaintiffs did not move to dismiss the reservation of rights. The Court acknowledges that the Court of Appeals for the Third Circuit has not addressed whether answers are subject to the *Iqbal/Twombly* standard. *See Parker v. City of Newark*, Civ. A. No. 17-4615, 2018 WL 10809348, at *4 (D. N.J. Sept. 13, 2018); *Sinclair Cattle Co. v. Ward*, Civ. A. No. 14-CV-1144, 2015 WL 6125260, at *2 n.2 (M.D. Pa. Oct. 16, 2015).

¶ 151).  Specifically, in Paragraph 151, UVL pled that it "reserves the right to assert by supplemental pleading any defenses, affirmative defenses, counterclaim[,] or cross-claim which matures or is acquired by it subsequent to this Answer."  (*Id.*)

Under the Court's initial case management order, a deadline of May 23, 2018 was set for "[a]ny motion to amend pleadings."  (Docket No. 84 ¶ 14).  The parties represented in their Rule 26(f) Report that they did not "anticipate the filing of any Rule 12 Motions."  (Docket No. 80).  They then began discovery on conditional certification issues and participated in the Court's ADR program.  (Docket No. 84).  The discovery deadline was extended on multiple occasions, and Plaintiffs ultimately filed their motion for class certification on May 8, 2019.  (Docket Nos. 136-37, 152-53).

The Court granted said motion, in part, and denied it, in part.  (Docket No. 173).  The Court conditionally certified a FLSA collective action consisting of drivers who allege that they were jointly employed by UVL, Titan, and DiGiamberdine from September 2016 to November 2017; drove small vehicles weighing less than 10,000 pounds; worked more than 40 hours per week; and were not paid overtime compensation.  (*Id.* at 19).  The term "drivers" included individuals "holding positions of truck driver, chase driver and dispatcher or other similar positions with responsibility for driving small vehicles."  (*Id.*)  In so ruling, the Court found that "Titan's involvement in this case solidifies this Court's jurisdiction over the matter and makes the U.S. District Court for the Western District of Pennsylvania an appropriate venue."[2]  (*Id.* at 18).  Hence, that statement by the Court would appear to be the law of the case.  *See Ass'n of N.J. Rifle & Pistol Clubs Inc. v. Att'y Gen. N.J.*, 974 F.3d 237, 246 n. 9 (3d Cir. 2020) (quoting *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982)) (explaining that "[u]nder the law of the case

---

[2] No motion for reconsideration was filed.

doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances").

Following the Court's decision, the case was sent to judicial mediation at the request of the parties. (Docket Nos. 177-81, 183-84, 188-89, 212). Despite Magistrate Judge Kelly's extensive efforts, the matter did not resolve; UVL retained new counsel; and the case was referred back to this Court. (Docket Nos. 204-05, 207, 212). On February 19, 2020, the Court issued an Amended Case Management Order that reads, in relevant part, "[t]he deadlines for motions to amend the pleadings or add new parties (other than adding new opt-in plaintiffs through the Collective Action process) have expired." (Docket No. 215 ¶ 13).

In accordance with the order, the parties began general discovery, which has resulted in numerous discovery motions being filed. (Docket Nos. 242, 256, 265, 284, 299). These motions were referred to Special Master Eric Soller, and discovery deadlines were stayed until further order of court.[3] (Docket Nos. 317, 321). That same day, UVL filed a motion to dismiss. (Docket No. 319). The Court denied same, without prejudice, explaining that UVL had failed to seek leave, had represented for over two years that there was no need to amend the pleadings, and had not conferred with Plaintiffs' counsel prior to filing the motion. (Docket No. 319).

After moving for leave to submit a motion to dismiss (Docket No. 322), UVL filed the instant motion for leave to file an amended answer and brief in support thereof. (Docket Nos. 333-34). UVL seeks to amend its answer to raise two new defenses: (1) the Court's exercise of supplemental jurisdiction over Plaintiffs' state-law claims (Counts II, IV-VI) is improper; and

---

[3] Five discovery motions and a rule to show cause as to whether good cause exists for more than ten depositions were assigned to Special Master Soller on July 22, 2020. (Docket No. 320). As a result of his extensive efforts, four of the motions have since been withdrawn. (Docket Nos. 353-54, 356-57). The parties have also reached an agreement as to E-discovery protocol. (*Id.*)

(2) venue should be transferred pursuant to 28 U.S.C. § 1404 and under the doctrine of forum *non conveniens*. (Docket No. 333). The proposed Fifteenth and Sixteenth Defenses read:

### FIFTEENTH DEFENSE

152. This Courts lacks supplemental jurisdiction over Plaintiffs' state-law claims (Counts II, IV, V, VI) under 28 U.S.C. § 1367(c).

153. Plaintiffs' state-law claims raise complex issues of state law.

154. The PWMA (Counts II & IV) and WPCL (Count VI) have no extraterritorial application and only cover work based in Pennsylvania. As Plaintiffs worked either entirely or predominantly outside of Pennsylvania, they cannot invoke the protections of either the PWMA or WPCL.[4]

155. Plaintiffs' breach-of-contract claim (Count V) also raises complex issues of state law: namely, determining what law governs their claim. As Plaintiffs' work was entirely or primarily performed outside of Pennsylvania, and because their work was interstate in nature, determining what law governs Count V under a conflicts-of-law analysis will be complex.

154. Plaintiffs' state-law claims will also substantially predominate Plaintiffs' federal claims (Count I and III)—the claims giving this Court subject-matter jurisdiction in the first place.

155. If this Court continues to exercise supplemental jurisdiction over Plaintiffs' state law claims, the dispute will largely center on place of work, which is entirely irrelevant to an analysis under the FLSA.

156. Moreover, determining whether there was an (i) implied contract and (ii) a breach of same, requires distinct and separate proof from establishing liability under the FLSA. Accordingly, in this way too, Plaintiffs' state-law claims will substantially predominate over their FLSA claims.

### SIXTEENTH DEFENSE

157. Venue in this Court is improper under 28 U.S.C. § 1404.

158. The work that Plaintiffs alleged[ly] performed was performed either exclusively or predominantly outside of Pennsylvania.

159. The contracts executed between UVL and Titan selected Texas as venue to litigate any disputes concerning, arising, or relating to same.

---

[4] There appears to be a scrivener's error. UVL has two Paragraph 154s and 155s. (Docket No. 333-1).

  160. None of the Plaintiffs live or reside in Pennsylvania.

  161. None of the Plaintiffs hold a Pennsylvania driver's license.

  162. At least eighteen (18) Class Members reside in Texas and many Class Members live in neighboring states.

  163. The likely UVL witnesses who will be called either live in Texas or neighboring Louisiana. None of these witnesses live or reside in Pennsylvania.

  164. The relevant documents and information that UVL possesses or controls are located outside of Pennsylvania.[5]

(Docket No. 333-1).

Plaintiffs submitted a brief in opposition. (Docket No. 338). UVL replied and responded to the Court's show cause order pertaining to footnote 10 of UVL's reply brief. (Docket Nos. 342, 344, 346). Plaintiffs filed a surreply. (Docket No. 350). The Court now turns to the parties' arguments concerning UVL's motion for leave to file an amended answer. UVL's motion for leave to file a motion to dismiss will be addressed in a separate decision.

## III. PARTIES' ARGUMENTS

UVL contends that good cause exists under FED. R. CIV. P. 16(b)(4) because it acted diligently in bringing this motion. (Docket No. 334). Specifically, UVL maintains that it first learned through Plaintiffs' June 2020 discovery responses that almost all of their work was performed outside of Pennsylvania. (*Id.* at 6). Then, a month later, KeepTruckin, Inc. ("KeepTruckin") produced driver logs that revealed not only the location where each class member worked but the length of time they worked there. (*Id.*) UVL suggests that these records prove that 12 of the 24 Plaintiffs did not perform any work in Pennsylvania and that the remaining Plaintiffs

---

[5] This factor is virtually a nonissue in this day and age given the presence of electronic records. *See Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 623 (E.D. Pa. 2018) ("The location of computer servers housing such databases simply lacks real world significance, because document production does not involve physical search and retrieval, but electronic download"); *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003) ("[T]he technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis").

only performed *de minimis* work in the Western District. (*Id.* at 3-4). Three weeks after that, Schlumberger Technology Corporation ("Schlumberger") responded to a subpoena served by Plaintiffs. (*Id.*) UVL submits that Schlumberger's production shows that many of the class members never actually worked for UVL. (*Id.*)

UVL further asserts that allowing these amendments would streamline the litigation because the defenses it seeks to add will work to eliminate the claims that are no longer viable and a transfer would allow the case to be in a venue that has a more tangible connection to the facts of this case. (*Id.* at 7). In support of same, UVL provides that a larger portion of the work was performed in Texas, that the contract between UVL and Titan mandates a Texas venue, at least 18 class members reside in Texas, and all of UVL's witnesses reside in or near Texas. (*Id.* at 8-9). UVL concludes that there is no reason to deny the motion under FED. R. CIV. P. 15 because granting same would not result in any prejudice to Plaintiffs. (*Id.* at 10).

Not surprisingly, Plaintiffs oppose UVL's motion arguing that it is nothing more than a dilatory tactic designed to "increase the costs, confusion, and complexity of this litigation." (Docket No. 338 at 2-3). They maintain that good cause does not exist because (1) it has been more than two years since the deadline to amend the pleadings has expired, (2) the so-called newly discovered evidence that UVL relies on is the very type of information that UVL was required by law to maintain, and (3) the KeepTruckin records are wholly unreliable. (*Id.* at 2, 7-11). Plaintiffs also disclose that UVL's own records reflect that "Plaintiffs performed four times more work in Pennsylvania than Texas." (*Id.* at 9) (emphasis omitted). Plaintiffs conclude by noting that the Western District of Pennsylvania is the only forum in which they had an unqualified right to bring their claims and that Plaintiffs' relationship with Terminal 750 in Oakdale, Pennsylvania is the reason why their PMWA and WPCL claims are sustainable. (*Id.* at 3, 19-20).

7

UVL replied and largely disagrees with Plaintiffs' recitation of the facts. (Docket No. 342 at 2). Specifically, it denies having acted in bad faith during discovery and having previously had knowledge of the plaintiffs' every movement. (*Id.* at 1-6). It further contends that Plaintiffs applied the wrong legal standard when responding to its motion. (*Id.* at 2-6). UVL submits that regardless of Plaintiffs' arguments, Plaintiffs have failed to rebut the only relevant facts contained in its motion, i.e., that the discovery responses of KeepTruckin and Schlumberger yielded new evidence. (*Id.* at 2).

Plaintiffs, in their surreply, reiterate that UVL has failed to establish good cause because it tracked the very information in question and was in possession of same prior to filing its motion. (Docket No. 350 at 2-4). As such, they accuse UVL of intentionally attempting to muddy the record. (*Id.* at 5).

IV. LEGAL STANDARD

A party seeking leave to amend the pleadings after the deadline set by a court's case management order, must first satisfy the requirements of Federal Rule of Civil Procedure 16(b)(4). *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Rule 16(b)(4) permits a case management order to be "modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Thus, good cause requires a demonstration of diligence. *Premier Comp Sols., LLC*, 970 F.3d at 319. "Many courts have recognized that '[w]here . . . the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Graham v. Progressive*

*Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010) (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010)) (alterations in original).

Only once the moving party demonstrates good cause under Rule 16(b)(4) can the court consider the motion under Rule 15's standard. *Premier Comp Sols., LLC*, 970 F.3d at 319. As such, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). "Even when a party is late in moving for leave to amend, we have expressed a preference for allowance of the amendment, so long as the opposing party is not prejudiced by the delay." *DLJ Mort. Cap., Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020). "It is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment." *Id.* (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Concerning whether prejudice exists,"[t]he Court of Appeals has 'considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Battle Born Munitions Inc. v. Dick's Sporting Goods Inc.*, Civ. Act. No. 18-1418, 2019 WL 5394750, at *3 (W.D. Pa. Oct. 22, 2019) (quoting *Graham*, 271 F.R.D. at 123). "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Id.* (quoting *Graham*, 271 F.R.D. at 123). "The test under Rule 15(a) 'is in the disjunctive, meaning that if [Plaintiffs] meet[ ] [their] burden to prove any one of these elements, the [amendment] should not be permitted.'" *Id.* (quoting *Graham*, 271 F.R.D. at 123).

V.    DISCUSSION

As previously stated, UVL seeks to amend its answer to raise two defenses: (1) the Court's exercise of supplemental jurisdiction over Plaintiffs' state-law claims is improper; and (2) venue should be transferred pursuant to 28 U.S.C. § 1404 and under the doctrine of forum *non conveniens*.[6] (Docket No. 333). The Court addresses these arguments, in turn.

The Court will grant leave as to UVL's Fifteenth Defense, i.e., that the Court should decline supplemental jurisdiction over Plaintiffs' state law claims. (*See* Docket No. 333-1). UVL's argument relating to supplemental jurisdiction is predicated on the KeepTruckin and Schlumberger productions, which were provided to UVL within the last few months. (Docket No. 334 at 8). Therefore, the Court finds that UVL has been diligent in pursuing this defense and good cause exists under Rule 16(b)(4). *See Premier Comp Sols., LLC*, 970 F.3d at 319; *Greygor v. Wexford Health Sources, Inc.*, Civ. A. No. 14-cv-1254, 2016 WL 772740, at *4 (W.D. Pa. Feb. 27, 2016) (explaining the discovery of new evidence constitutes good cause).

Turning to the Rule 15 analysis, the Court is mindful that discovery is ongoing. *See Long*, 393 F.3d at 400. In fact, there are still two discovery disputes pending before Special Master Soller. (*See* Docket Nos. 240, 256, 284, 299; 357). Furthermore, Plaintiffs are not prejudiced by this amendment because the Court has a continuing obligation to assess its own jurisdiction under 28 U.SC. § 1367(c)(3). *See Berryman v. Newalta Envtl. Servs., Inc.*, Civ. A. No. CV 18-793, 2018 WL 5723290, at *10 (W.D. Pa. Nov. 1, 2018) (citing 28 U.S.C. § 1367(c)(3)) ("Finally, given that all of Berryman's claims are subject to final and binding arbitration, the only remaining claims in

---

[6] It bears mentioning that UVL in passing states that this Court lacks personal jurisdiction. (Docket No. 334 at 10). As a matter of law, UVL waived this defense by not including it as part of its responsive pleading. FED. R. CIV. P. 12(h); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104-05 (3d Cir. 2019) (explaining "[u]nder Federal Rule of Civil Procedure 12(b)(2), defendants have the right to move for dismissal for lack of personal jurisdiction, but that right is not unlimited. Rule 12(h) clarifies that the defense of lack of personal jurisdiction can be waived if a defendant fails to raise it in a timely fashion").

this case are found in Newalta's third-party complaint against Smith Management. . . . The court will now decline to exercise supplemental jurisdiction over these state law claims"). In fact, this defense may be premature at this procedural phase given that Plaintiffs' FLSA claims remain pending. *See Yue Yu v. McGrath*, 597 F. App'x 62, 68 (3d Cir. 2014) ("Here, the District Court dismissed all of the remaining state and common law claims after awarding summary judgment to Defendants on all of the federal claims over which it had original jurisdiction"). In conclusion, UVL's motion is granted with respect to its Fifteenth Defense.

As to UVL's Sixteenth Defense, the Court will grant UVL's motion, in part, and deny it, in part. In challenging venue, UVL relies on (1) the choice of venue provision in the Independent Terminal Operator Agreement ("ITOA" or "agreement") between UVL and Titan and (2) the discovery obtained from KeepTruckin and Schlumberger. (Docket No. 334). UVL has waived any argument premised on the choice of venue provision. To this end, it is clear from the record that UVL's prior counsel was aware of this agreement no later than February 9, 2018, when it submitted the agreement as part of its original motion to dismiss. (Docket No. 44-1). Yet, UVL failed to assert improper venue in same. *See* FED. R. CIV. P. 12(h).

Further, when the Court raised the issue of the forum selection clause found at Section 15.1 of the ITOA during the hearing on the motion for conditional certification, UVL opted not to pursue this argument. (Docket No. 172 at 11-54). As already noted, UVL did not challenge the Court's statement about venue in its ruling on conditional certification by way of a motion for reconsideration. Now, after this case has been pending for over three years, UVL asserts improper venue. (*See* Docket No. 1). It is likewise noteworthy that the forum selection clause is in an

agreement between UVL and Titan, and there is no evidence in the record which shows that Plaintiffs are bound by it. (*See* Docket No. 44-1).

However, UVL is bound by the decisions of its prior able counsel on what amounts to litigation strategy. *See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("parties cannot 'avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]'")) (alterations in original); *Harris v. Kellogg, Brown & Root Servs., Inc.*, Civ. A. No. 08-563, 2016 WL 4720058, at *2 n.1 (W.D. Pa. Sept. 9, 2016)). For these reasons, the interests of justice would not be served were this Court to grant UVL leave to amend on this basis. *See Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. 1981) (explaining a transfer under § 1404(a) may be denied where the movant waited years to bring its motion); *Graham*, 271 F.R.D. at 119; *Albright v. W.L. Gore & Assocs., Inc.*, Civ. A. No. 02-304, 2002 WL 1765340 (D. Del. July 31, 2002). This is because UVL cannot be said to have been diligent under Rule 16(b)(4) regardless of the discovery it describes. Accordingly, UVL's motion will be denied to the extent it asserts improper venue in its Sixteenth Defense.

In addition, UVL seeks leave to add the defense of forum *non conveniens*. (Docket No. 333-1). Once again, it asserts that it first learned of the possibility of this defense through the KeepTruckin and Schlumberger productions. (Docket No. 334). Unlike its improper venue argument, UVL's motion is premised solely on newly discovered evidence. Thus, this Court finds that good cause exists and UVL has met its burden under Rule 16(b)(4). *See Howden North America Inc. v. Ace Property & Cas. Ins. Co.*, 875 F. Supp. 2d 478, 488 (W.D Pa. 2012)

(explaining "in light of the filing of the English Litigation more than two years after the 2009 Litigation was commenced, the court will entertain New Hampshire's motion. Notwithstanding its timeliness").

Finally, the Court holds that Plaintiffs have not met their burden to show that the amendment should not be permitted under Rule 15(a)(2).  To this end, Rule 15(a) permits amendment prior to trial when justice so requires.  FED. R. CIV. P. 15(a).  This is particularly true where the movant seeks to amend the pleadings to conform them to the facts of the case.  *See Greygor v. Wexford Health Sources, Inc.*, 2016 WL 772740, at *4 (W.D. Pa. Feb. 27, 2016) ("Like the plaintiffs in Gaston and Wainwright, Wexford has shown good cause why it should be granted leave to amend, even though its motion appeared to be late.  In addition, parties can always amend to conform to the evidence, even during or after trial"); *see* also FED. R. CIV. P. 15(b)(1) (Permitting a party to amend the pleadings even trial).  Moreover, Plaintiffs will not be prejudiced because discovery is still ongoing and they can contest any motion based on forum *non conveniens*, if UVL ultimately decides to bring it.  Accordingly, the Court finds that the Plaintiffs have failed to meet their burden.  *See Pottsgrove*, 501 F.Supp.2d at 700 (providing that "under Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, [and/or] undue delay").  Thus, UVL's motion will be granted to the extent it asserts forum *non conveniens* in its Sixteenth Defense.

VI.   CONCLUSION

Based on the foregoing, UVL's motion for leave to amend is granted, in part, and denied, in part.  An appropriate Order follows.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

13

Dated: October 29, 2020

cc/ecf: All counsel of record

14