IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENWOOD JOHNSTON; et al, on behalf of themselves and similarly situated employees,<br><br>        Plaintiffs,<br><br>v.<br><br>TITAN LOGISTICS & RESOURCES, LLC; TONY DIGIAMBERDINE; and UNITED VISION LOGISTICS,<br><br>        Defendants. | Civ. A. No. 17-1617<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Presently before the Court is Defendant United Vision Logistics' ("UVL") Motion to Compel Tax Records (Docket No. 380), the Memorandum of Law in Support of Defendant UVL's Motion to Compel Tax Records (Docket No. 381), and Plaintiffs' Opposition to UVL's Motion to Compel Tax Records (Docket No. 391). UVL's Motion [380] is DENIED for the following reasons.

In its Motion, UVL seeks an order compelling Plaintiffs to furnish all responsive documents to UVL's Document Request No. 8, as amended, which asks for, "all tax returns, IRS Forms W-2, and IRS Forms 1099" from the years in which Plaintiffs claim they worked for UVL. (Docket No. 380 at 1).

Under Rule 26(b)(1), "discovery may be had of 'any matter relevant to the subject matter involved in the action' and '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Samuel, Son & Co. Inc. v. Beach*, No. CIV.A. 13-128E, 2014 WL 5089718, at *3 (W.D. Pa. Oct. 9, 2014)

(quoting Fed. R. Civ. P. 26). "Issues relating to the scope of discovery permitted under the Federal Rules of Civil Procedure rest in the sound discretion of the court." *Id*. "[T]he moving party bears the initial burden to show the relevance of the requested information and that it is proportional to the needs of the case." *Hetzel v. Adaptive Health, LLC*, No. CV 19-336, 2020 WL 7061634, at *1 (W.D. Pa. Apr. 9, 2020). "[O]nce this initial burden is met, the burden shifts to the party resisting discovery to demonstrate the lack of relevance of the requested documents or that responding to the discovery would be unduly burdensome." *Id.*

As to the discoverability of tax records in particular, "[p]ublic policy favors the nondisclosure of income tax returns." *Id*. (quoting *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982)). "Whether tax returns are discoverable turns on whether (1) the tax returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id*. (citing *In re Sunrise Secs. Litig.*, 130 F.R.D. 560, 578 (E.D. Pa. 1989)).

In this case, the parties contest both (1) whether Plaintiffs were employees—as opposed to independent contractors—of UVL; and (2) whether UVL was a joint employer of Plaintiffs. The present question before the Court is whether Plaintiffs' tax records are relevant to either of those inquiries. In this Court's estimation, they are not.

Under the first inquiry, the Third Circuit utilizes a six-factor "economic realities" test to determine whether a worker is an "employee" or an "independent contractor" under the FLSA. *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229 (3d Cir. 2019); *Silla v. One Three Five, Inc.*, No. CV 17-1393, 2020 WL 6292736, at *5 (W.D. Pa. Oct. 27, 2020). Given that Plaintiffs have demonstrated good cause to uphold the expectation of confidentiality in their tax records, as well as the availability of reliable financial information from other sources, namely, the W-2s produced

by Plaintiffs and emails demonstrating that UVL mangers knew Terminal 750 paid drivers as W-2 employees, (*see* Docket Nos. 391-2; 391-3; 391-4), UVL has failed to show why "all [of Plaintiffs'] tax returns" are relevant. *See Farmers & Merchants Nat. Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) (concluding that the tax returns would not show anything beyond the information already produced). This Court also agrees with Plaintiffs that *Verma* plainly demonstrates that "employer-imposed 'independent contractor' classifications are irrelevant to the actual merits of the economic realities test." 937 F.3d at 239; (Docket No. 391 at 5).

Under the second inquiry, nor are Plaintiffs' tax returns relevant to the joint-employer factors established in *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462 (3d Cir. 2012). The joint employer inquiry "serve[s] to identify whether the alleged joint employer exerts significant control over the relevant employees." *Id*. at 468. UVL points to no controlling law from this Circuit that demonstrates that Plaintiffs' personal tax records are relevant to determining this control.

AND NOW, this 13th day of January, 2021, for the foregoing reasons,

IT IS HEREBY ORDERED that UVL's Motion to Compel Tax Records [380] is DENIED.

                                            */s Nora Barry Fischer*
                                            Nora Barry Fischer
                                            Senior United States District Judge

cc/ecf: All counsel of record