IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENWOOD JOHNSTON; et al, on behalf of themselves and similarly situated employees,<br><br>      Plaintiffs,<br><br>v.<br><br>TITAN LOGISTICS & RESOURCES, LLC; TONY DIGIAMBERDINE; and UNITED VISION LOGISTICS,<br><br>      Defendants. | Civ. A. No. 17-1617<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

Presently before the Court is Defendant United Vision Logistics' ("UVL") Motion to Stay Execution of Order and Approving of Posting of Supersedeas Bond, (Docket No. [530]), wherein UVL seeks an order approving a proposed supersedeas bond of $287,000 and a stay of execution of the sanctions order during the pendency of the litigation before this Court and any appeal thereof. (Docket No. [530]). Plaintiffs Glenwood Johnston, et al. have filed a Response in Opposition, (Docket No. [533]) and UVL has submitted a Reply, (Docket No. [543]). After careful consideration of the parties' positions and for the following reasons, UVL's Motion will be granted.

In so holding, the Court notes that the parties agree that the sanctions order imposed on UVL for its discovery violations constitutes an interlocutory order that is not subject to an immediate appeal and that Rule 62 governing the execution of judgments does not directly apply to the Order. *See e.g., Cunningham v. Hamilton Cnty*, 527 U.S. 198 (1999) (Rule 37(a) sanctions order is not immediately appealable); *Henry v. St. Croix Alumina, LLC*, 416 F. App'x 204, 208 (3d

Cir. 2011) (quoting *Comuso v. Nat'l R.R. Pass. Corp.*, 267 F.3d 331, 339 (3d Cir. 2001) ("[D]iscovery sanctions are 'not immediately appealable under 28 U.S.C. § 1291,' even when appealed by the party against whom the sanctions have been assessed."); Fed. R. Civ. P. 62.  As such, the Court concurs with the parties that whether to approve the proposed supersedeas bond and the attendant stay of execution of the sanctions order is committed to the sound discretion of the Court.  *See e.g., Cunningham*, 527 U.S. at 211 ("[I]n a particular case, a district court can reduce any hardship by reserving until the end of the trial decisions such as whether to impose the sanction, how great a sanction to impose, or when to order collection"); *Alabama Aircraft Ind., Inc. v. Boeing Company*, 2018 WL 6220075, at *1-2 (N.D. Ala. Jun. 15, 2018 (denying request by Boeing to stay payment but ordering it to post $375,000 bond pending the ultimate resolution of the sanctions order).  In this Court's opinion, authorizing UVL to post the supersedeas bond in lieu of immediate payment of the sanctions is appropriate for several reasons.

First, Plaintiffs' objections to UVL's motion largely rely upon the Special Master's reasons for declining UVL's request to defer or stay the payment of sanctions until the conclusion of the case and recommending that the Court adhere to the default rule that immediate payment of the sanctions be ordered.  (Docket No. 533).  Those reasons were adopted by the Court and remain applicable, i.e.,

- UVL has not established any financial hardship or inability to make immediate payment;

- there is no risk to double-counting attorneys' fees if Plaintiffs prevail on the merits given the Special Master's detailed findings as to the attorneys' fees award; and,

- it would be unfair to Plaintiffs to defer the payment of sanctions because the award of attorneys' fees was designed to reimburse Plaintiffs for their having incurred unnecessary attorneys' fees resulting from UVL's discovery misconduct.

(Docket No. 526 at 43-44). However, the Special Master also noted that UVL had not offered to post a bond which accounted for the time value of money at that time and recommended that UVL be provided with an opportunity to post a bond. (*Id*.). As such, the Court finds that the arguments asserted by Plaintiffs and the caselaw upon which they rely to be largely distinguishable.

Second, UVL has now offered to post a supersedeas bond in the amount of $287,000 which represents 120% of the sanctions ordered by the Court of $239,167.22, pursuant to the terms set forth in the declaration of its in-house counsel Bradley Christen. (Docket Nos. 530; 530-1). "'A supersedeas bond is a contract by which a surety obligates itself to pay a final judgment rendered against its principal under the conditions stated in the bond.'" *City of San Antonio v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1632 (2021) (quoting 13 A Cyclopedia of Federal Procedure § 62.19 (3d ed. Supp. 2021)). The purpose of a supersedeas bond "is to preserve the status quo, while at the same time protecting the prevailing party's rights pending the outcome of post-trial motions or appeal." *Ely v. Cabot Oil & Gas Corp.*, 2017 WL 1493481, at *1 (M.D. Pa. Apr. 26, 2017) (citations omitted). Although the sanctions order is interlocutory in nature and this litigation is ongoing, Plaintiffs have not contested that the amount of the proposed supersedeas bond is adequate to protect their interests in the sanctions award. (Docket No. 533). Overall, the Court believes that the $287,000 supersedeas bond is sufficient to account for the time value of money and will secure both parties' interests going forward in this litigation and any appeal thereof.

Third, the Court finds persuasive the analysis of the U.S. District Court for the Northern District of Alabama in approving a bond of $375,000 following the imposition of discovery sanctions in *Alabama Aircraft Industries, Inc. v. Boeing Company*.

> Boeing has made it clear that, at the ultimate termination of this case, it intends to appeal the court's imposition of sanctions. Although the court believes its decision imposing sanctions was correct, there is always the possibility that the Court of Appeals could disagree. And,

>if payment was required now and there was a successful appeal, the question would become whether Boeing could readily be reunited with its money.

*Alabama Aircraft Indus., Inc.*, 2018 WL 6220075, at *2. Here, Plaintiffs take umbrage with UVL's assertion that it may have difficulty recovering the sanctions award if UVL successfully overturns the sanctions order on appeal. (Docket No. 533 at 7). But, Plaintiffs have not provided the Court with any information as to the contingent fee agreement between counsel and the 70 individual Plaintiffs in this matter and/or any assurances that the funds could be recovered if they were distributed beyond the firm's escrow accounts. (*Id*.). Given that the Court cannot evaluate the potential collection risk to UVL, the proposed bond which maintains the status quo between the parties appears to be the most appropriate result. *Cf. In re HH (US), Inc*., 1992 WL 182183, at *1-2 (W.D. Pa. Bankr. Jul. 23, 1992) (Fitzgerald, J.) (denying motion to delay payment of Rule 37 sanctions but ordering the funds to be placed in escrow until further order of court).

Fourth, the sanctions litigation has disrupted and delayed this litigation enough and the Court and the parties remain duty bound "to secure the just, speedy and inexpensive determination" of these proceedings. Fed. R. Civ. P. 1. The Court expects counsel for the parties to work cooperatively to complete the outstanding discovery and bring this case to its conclusion, whether by settlement or a final judgment. The Court also believes that now is an appropriate time to refer this matter back to Alternative Dispute Resolution for further negotiations toward resolving the matter. All told, the Court finds that authorizing UVL to post bond will permit the parties to refocus their respective efforts to meet these goals.

Based on the foregoing,

IT IS HEREBY ORDERED that UVL's Motion [530] is GRANTED;

IT IS FURTHER ORDERED that UVL shall post the supersedeas bond of $287,000.00, (representing 120% of the sanctions ordered by the Court of $239,167.22), pursuant to the terms set forth in the declaration of Bradley Christen, and file proof of same with the Court by **March 21, 2022**.  If additional time is needed to secure the bond, UVL must file a timely motion for an extension, with supporting evidence, prior to such deadline.;

IT IS FURTHER ORDERED that UVL's filing of the proof of the supersedeas bond shall stay the execution and payment of the sanctions imposed by Court's Order of November 18, 2021 during this litigation and any appeal thereof, but, unless an extension of time is granted, the failure to timely obtain the supersedeas bond and file proof of service with the Court will result in the sanctions being payable immediately, i.e. on March 22, 2022;

IT IS FURTHER ORDERED that counsel for all parties shall meet and confer and file a Joint Status Report advising as to all discovery that has been completed and that which is outstanding along with a proposal to complete same by **March 21, 2022**.  The Court expects that all counsel will work together cooperatively and will not accept dueling proposals from the parties;

IT IS FURTHER ORDERED that the parties shall also meet and confer and file a Stipulation Selecting ADR Process by **March 21, 2022** as the Court finds that this matter is once again ripe for another mediation session with an agreed-upon neutral to be completed within 60 days of this Order.  Again, the Court expects that all counsel will work together cooperatively and will not accept dueling proposals from the parties.  The Court also anticipates that counsel and the parties will participate in mediation in good faith in an effort to resolve this matter.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  March 7, 2022

cc/ecf:  All counsel of record.

Special Master Eric Soller, Esq.